

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 19 2018
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4-18CR-230-O |
| DENISE CROS-TOURE (01)<br>MOHAMED TOURE (02) | |

INDICTMENT

The Grand Jury Charges:

Introduction

At all times relevant to this Indictment,

1. Defendants **Denise Cros-Toure** and **Mohamed Toure** were citizens of Guinea, West Africa, and resided in Southlake, Texas. The defendants were husband and wife and had five biological children born between 1991 and 2002.

2. D.D., whose identity is known to the Grand Jury, was a citizen of Guinea. D.D.'s Guinean passport listed her birth year as 1994.

3. On December 22, 1999, the U.S. Government issued D.D. a B-2 Non-Immigrant Visa (NIV), which expired on March 21, 2000. D.D.'s Guinean passport, to which the B-2 NIV was affixed, expired on May 17, 2003.

4. A B-2 NIV, commonly known as a "tourist visa," permits individuals to enter the United States temporarily for purposes of pleasure, tourism, or medical treatment. Individuals who enter the United States on B-2 NIVs are not permitted to work

while in the United States. An individual who remains in the United States past the expiration of his or her B-2 NIV remains in the United States in violation of law.

    5.    Paragraphs one through four of the Introduction are fully incorporated in the Counts below.

<u>Count One</u>
Conspiracy to Commit Forced Labor
(Violation of 18 U.S.C. §§ 1594(b) and 1589)

1. Between in or about January 2000 and continuing through in or about August 2016, all dates being approximate and inclusive, in the Fort Worth Division of the Northern District of Texas and elsewhere, defendants **Denise Cros-Toure** and **Mohamed Toure**, did knowingly and willfully combine, confederate, conspire and agree with each other and others known and unknown to the grand jury to provide and obtain the labor and services of D.D. by: (a) threats of serious harm to D.D.; (b) means of a scheme, plan, and pattern intended to cause D.D. to believe that, if D.D. did not perform such labor or services, that D.D. would suffer serious harm; and (c) means of the abuse and threatened abuse of law and the legal process, in violation 18 U.S.C. § 1589.

<u>Object of the Conspiracy</u>

2. The object of the conspiracy was for defendants **Denise Cros-Toure** and **Mohamed Toure**, and others known and unknown to the grand jury, to obtain the uncompensated labor and services of D.D. at the defendants' home in Southlake, Texas.

<u>Overt Acts</u>

3. In furtherance of the conspiracy, and to accomplish the object of the conspiracy, at least one of the defendants committed or caused to be committed at least one of the following overt acts, among others, in the Fort Worth Division of the Northern District of Texas, and elsewhere:

    a.    In or about December 1999 through in or about January 2000, Defendants **Denise Cros-Toure** and **Mohamed Toure**, together with others known and

**Indictment – Page 3**

unknown to the grand jury, arranged for D.D. to obtain a B-2 NIV and travel alone from Guinea to the United States for the purpose of providing childcare and performing other domestic services for the defendants.

  b. On or about January 19, 2000, defendant **Mohamed Toure** picked up D.D. at Dallas/Forth Worth International Airport and transported her to the defendants' residence in Southlake, Texas, where D.D. resided until in or about August 2016.

  c. In or about January 2000, defendants **Denise Cros-Toure** and **Mohamed Toure** took possession of D.D.'s Guinean passport and B-2 Non-Immigrant Visa upon her arrival in the United States, and maintained possession of those documents until in or about August 2016.

  d. Throughout the time that D.D. resided with defendants **Denise Cros-Toure** and **Mohamed Toure**, the defendants caused D.D. to remain in the United States past the expiration of her B-2 NIV and her Guinean passport in violation of law.

  e. Throughout the time that D.D. resided with defendants **Denise Cros-Toure** and **Mohamed Toure**, the defendants required D.D. to work extensive hours providing childcare and performing other domestic services for the defendants.

  f. Throughout the time that D.D. resided with defendants **Denise Cros-Toure** and **Mohamed Toure**, the defendants did not pay D.D. any wages for her labor and services and caused D.D. to become dependent upon them for necessities, which they did not always provide.

g.  Throughout the time that D.D. resided with defendants **Denise Cros-Toure** and **Mohamed Toure**, the defendants denied D.D. any educational opportunities, and they denied D.D. access to medical care, among other things they afforded to their own biological children.

h.  Throughout the time that D.D. resided with defendants **Denise Cros-Toure** and **Mohamed Toure**, the defendants restricted D.D.'s contact with her family in Guinea and with others in the United States and otherwise sought to isolate D.D.

i.  Throughout the time that D.D. resided with defendants **Denise Cros-Toure** and **Mohamed Toure**, the defendants used force to punish D.D. For example, on different occasions, defendant **Denise Cros-Toure** ripped out D.D.'s earring, slapped D.D., struck D.D. with a belt, and struck D.D. with an electrical cord. On another occasion, defendant **Mohamed Toure** restrained D.D. while defendant **Denise Cros-Toure** struck her.

j.  Throughout the time that D.D. resided with defendants **Denise Cros-Toure** and **Mohamed Toure**, the defendants banished D.D. from their residence to punish D.D. and engaged in other emotional and psychological abuse.

k.  Throughout the time that D.D. resided with defendants **Denise Cros-Toure** and **Mohamed Toure**, the defendants threatened D.D. with immigration consequences to punish her.

In violation of 18 U.S.C. §§ 1594(b) and 1589.

## Count Two
### Forced Labor
(Violation of 18 U.S.C. §§ 1589, 1594(a) and 2)

1. Paragraphs one through four of the Introduction and the allegations set forth in paragraphs one through three of Count One of this Indictment are incorporated by reference here.

2. Beginning in or about January 2000 and continuing through in or about August 2016, all dates being approximate and inclusive, in the Fort Worth Division of the Northern District of Texas, and elsewhere, defendants **Denise Cros-Toure** and **Mohamed Toure**, aiding and abetting each other, did knowingly provide and obtain the labor and services of D.D. by: (a) threats of serious harm to D.D.; (b) means of a scheme, plan, and pattern intended to cause D.D. to believe that, if D.D. did not perform such labor or services, that D.D. would suffer serious harm; and (c) means of the abuse and threatened abuse of law and the legal process; and attempted to do so.

In violation of 18 U.S.C. §§ 1589, 1594(a) and 2.

<u>Count Three</u>
Conspiracy to Harbor an Alien for Financial Gain
(Violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i))

1. Paragraphs one through four of the Introduction and the allegations set forth in paragraphs one through three of Count One of this Indictment are incorporated by reference here.

2. Beginning in or about January 2000 and continuing through in or about August 2016, all dates being approximate and inclusive, in the Fort Worth Division of the Northern District of Texas, and elsewhere, defendants **Denise Cros-Toure** and **Mohamed Toure**, did knowingly and willfully combine, confederate, conspire and agree with each other and others known and unknown to the grand jury to conceal, harbor, and shield D.D. from detection in their residence for the purpose of private financial gain, knowing and in reckless disregard of the fact that D.D., an alien, had come to, entered, and remained in the United States.

In violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i).

<u>Count Four</u>
Harboring an Alien for Financial Gain
(Violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii); 1324(a)(1)(A)(v)(II) and 1324(a)(1)(B)(i))

1. Paragraphs one through four of the Introduction and the allegations set forth in paragraphs one through three of Count One of this Indictment are incorporated by reference here.

2. Beginning in or about January 2000 and continuing through in or about August 2016, all dates being approximate and inclusive, in the Fort Worth Division of the Northern District of Texas, and elsewhere, defendants **Denise Cros-Toure** and **Mohamed Toure**, aiding and abetting each other, did conceal, harbor, and shield D.D. from detection in their residence for the purpose of private financial gain, knowing and in reckless disregard of the fact that D.D., an alien, had come to, entered, and remained in the United States in violation of law; and attempted to do so.

In violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii); 1324(a)(1)(A)(v)(II) and 1324(a)(1)(B)(i).

<u>Count Five</u>
False Statements
(Violation of 18 U.S.C. § 1001(a)(2))

On or about April 28, 2017, in the Fort Worth Division of the Northern District of Texas, defendant **Mohamed Toure** did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation within the jurisdiction of the executive branch of the United States, to wit: the defendant made the following false statements and representations to Diplomatic Security Service Special Agents during the course of a criminal investigation:

(1) the defendant stated that he had attempted to adopt D.D.; and

(2) the defendant stated that his attorney, Person A, had informed him that it was impossible for him to adopt D.D.

when in truth and fact, as the defendant then knew, the defendant did not attempt to adopt D.D. and the defendant did not ask Person A about adopting D.D.

In violation of 18 U.S.C. § 1001(a)(2).

Forfeiture Notice
Pursuant to 18 U.S.C. §§ 982(a)(6), 1594(b); 8 U.S.C. § 1324(b)(1); and 28 U.S.C. § 2461

As the result of committing the offenses alleged in counts One through Four of this Indictment, the defendants **Denise Cros-Toure** and **Mohamed Toure**, shall forfeit to the United States:

1. any property constituting, or derived from, and proceeds the defendant obtained, directly or indirectly, as the result of such violation; and

2. any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, including but not limited to the following:

    a. The real property located at 705 Briarridge Road, Southlake, Texas, together with all improvements, buildings, structures and appurtenances, and legally described as follows:

    > LOT 18, IN BLOCK 3, OF OAK HILLS ESTATES, AN ADDITION TO THE CITY OF SOUTHLAKE, TARRANT COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CABINET A, PAGE 683, OF THE PLAT RECORDS OF TARRANT COUNTY, TEXAS.

Substitute Assets

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant -

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with a third person;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty.

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendants.

By virtue of the commission of the offenses alleged in this Indictment, any and all interest the defendants have in the above-described property is vested in and forfeited to the United States.

Pursuant to 8 U.S.C. § 1324(b), and 18 U.S.C. §1594(d).

A TRUE BILL.

_____
FOREPERSON

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
CHRISTOPHER R. WOLFE
Assistant United States Attorney
Texas State Bar No. 24008294
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817-252-5200

_____
WILLIAM E. NOLAN
Trial Attorney
Human Trafficking Prosecution Unit
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
State Bar of Maryland, Bar Card No. 0012130143

_____
REBEKAH J. BAILEY
Trial Attorney
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
State Bar of Texas, Bar Card No. 24079833

Indictment – Page 12

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

THE UNITED STATES OF AMERICA

v.

DENISE CROS-TOURE (01)
MOHAMED TOURE (02)

## INDICTMENT

18 U.S.C. §§ 1594(b) and 1589
Conspiracy to Commit Forced Labor
Count 1

18 U.S.C. §§ 1589, 1594(a) and 2
Forced Labor
Count 2

8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i)
Conspiracy to Harbor an Alien for Financial Gain
Count 3

8 U.S.C. §§ 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i)
Harboring an Alien for Financial Gain
Count 4

18 U.S.C. § 1001(a)(2)
False Statements
Count 5

18 U.S.C. §§ 982(a)(6), 1594(b); 8 U.S.C. § 1324(b)(1);
and 28 U.S.C. § 2461
Forfeiture Notice

A true bill rendered

FORT WORTH                                               FOREPERSON

Filed in open court this 19th day of September, 2018.

**Defendants on pretrial release.**

UNITED STATES MAGISTRATE JUDGE
Magistrate Court Number:  4:18-MJ-268-BJ