IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:18-CR-230-O |
| DENISE CROS-TOURE<br>MOHAMED TOURE | |

### GOVERNMENT'S MOTION IN LIMINE TO ADMIT OUT-OF-COURT STATEMENTS

The government moves to admit evidence of out-of-court statements made by the victim in this case, D.D., concerning the defendants' criminal conduct. These statements, and the pleas for help the victim made in conjunction with them, are highly probative of the victim's state of mind and admissible under the Federal Rules of Evidence.

### Background

On September 19, 2018, a grand jury indicted the defendants on conspiracy to commit forced labor in violation of 18 U.S.C. § 1594(b); forced labor in violation of 18 U.S.C. § 1589; conspiracy to commit alien harboring in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I); and alien harboring in violation of 8 U.S.C. § 1324(a)(1)(iii). The grand jury additionally charged defendant Mohamed Toure with making false statements in violation of 18 U.S.C. § 1001.

The charges arise from the defendants' scheme, plan, and pattern to harbor and compel the labor of D.D., beginning when she was a minor. At trial, the government will establish that in January 2000, defendant Mohamed Toure picked up D.D. at the Dallas/Fort Worth International Airport and transported her to the defendants' residence

**Government's Motion in Limine to Admit Out-of-Court Statements – Page 1**

in Southlake, Texas.  D.D. traveled alone to Texas from Guinea, Africa.  Just prior to coming to the United States, D.D. resided in the home of defendant Denise Cros-Toure's parents in Conakry, Guinea, where she performed housekeeping tasks such as cooking and cleaning.

Following D.D.'s arrival in 2000 and continuing until her escape in 2016, the defendants required her to work extensive hours providing childcare and performing other domestic services for the defendants in their Southlake home.  The defendants did not pay D.D. for her services, nor did they enroll her in school, or ever bring her to a doctor or similar medical professional.  The defendants physically, verbally, and emotionally abused D.D., and restricted D.D.'s contact with her family in Guinea.

The government will seek to introduce out-of-court statements made by D.D. to some of the defendants' neighbors during the defendants' commission of the crimes charged, and shortly after D.D. escaped.  D.D. made the following disclosures to several individuals, several of whom assisted D.D. in escaping the defendants' home:  (1) that the defendants required D.D. to perform domestic services such as childcare, cooking, cleaning, household chores, and yardwork for no pay; (2) that the defendants physically and verbally abused her; (3) that she feared the defendants; (4) that she had asked the defendants to send her home to Guinea; and (5) that she wished to run away from the defendants' home, prayed that her life would get better, and even prayed that God would take her life in order to remove her from her current situation.

Argument

D.D.'s out-of-court statements are admissible under various Rules, which are discussed herein.

    A.    <u>The Victim's Statements of Her Then-Existing State of Mind Are Admissible under Rule 803(3)</u>

Some of the statements D.D. made to the neighbors and former neighbors were statements of her then-existing state of mind, emotion, sensation or physical condition. Statements made by a victim of her then-existing state of mind are routinely admitted by courts and have been described as one of the "least troublesome" exceptions to the hearsay rule. Weinstein, *Evidence*, 803(3)[01], at 803-104 (1993 ed.). Such statements are admissible pursuant to Rule 803(3) of the Federal Rules of Evidence, which specifically states:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:…
>
> (3) Then-Existing Mental, Emotional, or Physical Condition. A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, and bodily health)...

Fed. R. Evid. 803(3); *United States v. Newell*, 315 F.3d 510, 523 (5th Cir. 2002) (holding that the written statements of the defendant's accountant – that the accountant declarant had concerns about the lawfulness of certain activities of the defendant – were admissible under Fed. R. Evid. 803(3) as a statement of the accountant-declarant's then-existing state of mind); *United States v, Taglione*, 546 F.2d 194, 201 (5th Cir. 1977). Rule 803(3) codified the traditional common law rule that a witness may testify to statements

probative of then-existing state of mind, emotion, or physical condition. *See Mabry v. Travelers Insurance Co.*, 193 F.2d 497 (5th Cir. 1952) (error not to permit plaintiff's husband to testify as to declarations of pain); *Nuttal v. Reading Company*, 235 F.2d 546 (3d Cir. 1956) (error not to permit wife to testify as to declarations husband made that he was being forced to work). Courts have upheld admission of statements under this exception where they are contemporaneous expressions of the declarant's state of mind. *See United States v. Cardascia*, 951 F.2d 474, 487 (2d Cir. 1991).

Specifically, a declarant's prior statements that he or she was fearful – and other statements of then-existing similar state of mind or similar emotion – are admissible under Rule 803(3). *United States v. Liu*, 960 F.2d 449, 452 (5th Cir. 1992) (holding that the district court properly admitted testimony that the defendant-declarant had previously stated he was fearful as a statement of the defendant-declarant's then existing state of mind or emotion); *United States v. Cohen*, 631 F.2d 1223, 1225 (5th Cir. 1980) ("The rule thus permitted the witnesses to relate any out-of-court statements Cohen had made to them to the effect that he was scared, anxious, sad, or in any other state reflecting his then existing mental or emotional condition.")

Here, where victim D.D.'s fears of the defendants and her desire to leave the defendants are directly relevant to the forced labor charge, the victim's out-of-court statements reflecting her contemporaneous mental and emotional state are properly admissible under Rule 803(3). *See United States v. Alzanki*, 54 F.3d 994, 1008 (1st Cir. 1995) (holding, in involuntary servitude prosecution, that "challenged testimony clearly was admissible under Rule 803(3)" where it consisted of "contemporaneous statements as

**Government's Motion in Limine to Admit Out-of-Court Statements – Page 4**

to [victim's] state of mind – that she was afraid, hungry, exhausted."); *United States v. Grassi*, 783 F.2d 1572, 1578 (11th Cir. 1986) (holding, in extortion case, that victim's out-of-court statement that he was scared of the defendants because of their ties to the mafia were admissible as being probative of "the victim's state of mind"); *United States v. Kelly*, 722 F.2d 873, 878 (1st Cir. 1983) (upholding admission, in extortion case, of victims' prior statements that they feared retribution if they did not agree to pay the defendant). In such cases, "a witness may testify that someone expressed to them fear of someone or something, but they may not testify as to that person's explanation of *why* they were afraid." *Apanovitch v. Houk*, 466 F.3d 460, 487 (6th Cir. 2006); *United States v. Joe*, 8 F.3d 1488, 1493 (10th Cir. 1993); *United States v. Cohen*, 631 F.2d 1223, 1224 (5th Cir. 1980).

The statements referenced here are probative both of the defendant's intent to hold D.D. in forced labor and of D.D.'s fear of serious harm. Where, as here, the victim's state of mind is central to the case, the argument is especially strong for admission pursuant to Rule 803(3). "The least complicated situation involving mental state to which Rule 803(3) applies is when the statement is used to evidence a state of mind in issue. When a declaration is used to evidence a state of mind directly in issue, one encounters little difficulty in justifying the admission of the declaration." *United States v. Ouimette*, 753 F.2d 188, 191-92 (1st Cir. 1985). The statements made by the victim were made during the victim's term of forced labor, when she had very little, if any, opportunity for reflection. They are reflective of the victim's "then existing state of mind" and were made contemporaneously with the victim experiencing the mental state

or intent at issue (for example, a feeling of fear or desire to leave). Thus, the government should be permitted to introduce statements D.D. made expressing her fear of the defendants, her need for help to get away from them, or her feelings that she was being held against her will.

    B.    <u>The Victim's Statements Made in Seeking Help to Escape are Admissible as Verbal Acts</u>

The victim in this case not only made statements expressing her contemporaneous emotional state, but also made contemporaneous statements of her desire to escape. These statements, made in the course of the victim's quest for help, are probative of the victim's "intent" and "plan." They are thus explicitly admissible under Rule 803(3). Because these statements establish the victim's desire and intent to leave the defendants' service, they are directly relevant to the voluntariness of the victim's labor. *See United States v. Best*, 219 F.3d 192, 198 (2d Cir. 2000) (citing Rule 803(3) and holding that "a declarant's out-of-court statement as to his intent to perform a certain act in the future is not excludable on hearsay grounds"); *United States v. Badalamenti*, 794 F.2d 821, 825-825 (2d Cir. 1986) (holding statements of future plans admissible under Rule 803(3) to prove declarant's intent). These statements are not declarative assertions offered to the truth of the matter asserted. Rather, they are verbal acts and statements of intent that establish the victim's state of mind, intent, and plan regarding defendants' attempts to compel her to remain in defendants' service. As such, they are admissible non-hearsay.

In an involuntary servitude prosecution that is closely analogous to the instant forced labor case, the court admitted the very type of evidence the government seeks to

**Government's Motion in Limine to Admit Out-of-Court Statements – Page 6**

introduce in this case. In *United States v. Bibbs*, 564 F.2d 1165 (5th Cir. 1977), witnesses testified that a migrant laborer, who had just escaped from a labor camp where he had been held in involuntary servitude, told the witnesses he needed a place to stay because the defendants had held him against his will and he was afraid he would be in danger were he to go back. Just as the *Bibbs* court admitted testimony recounting a victim's statements seeking help in escaping from the defendants and concealing themselves from defendants thereafter, so D.D.'s statements seeking help to escape from the defendants are properly admissible in this case.

      C.    <u>Statements Made by the Victim Under the Stress of Her Escape from Victimization Are Admissible as Excited Utterances Under Fed. R. Evid. 803(2)</u>

The government also seeks to introduce some of the victim's statements as excited utterances under Rule 803(2) of the Federal Rules of Evidence. Rule 803(2) provides for the admission of statements "relating to a startling event or condition made while the declarant was under the stress of excitement cause by the event or condition." *United States v. Heffron*, 314 F.3d 211, 222-23 (5th Cir. 2002) (statements made by the victim about a startling event and nearly contemporaneous with the event are admissible as excited utterances). Statements D.D. made to some of the neighbors and former neighbors while under the stress or fear she experienced during her escape are admissible as excited utterances.

The test of whether an event is "exciting" is whether the declarant probably considered the event exciting. *See* Weinstein, *supra*, § 803(2)[01] n.11. To be admissible as an excited utterance under Rule 803(2), an utterance need not be strictly

**Government's Motion in Limine to Admit Out-of-Court Statements – Page 7**

contemporaneous with the events provoking the excitement. Rather, "[t]he length of time between the event and the utterance is only one factor to be taken into account in determining whether the declarant was, within the meaning of Rule 803(2), "under the stress of excitement caused by the event or condition." *United States v. Scarpa*, 913 F.2d 992, 1017 (2d Cir. 1990); *United States v. Alexander*, 331 F.3d 116, 124 (D.C. Cir. 2003) ("the utterance must be contemporaneous with the excitement engendered by the startling event"). The amount of time between the startling event and the hearsay exception, though relevant, is not dispositive. *United States v. Baptiste*, 264 F.3d 578, 590 (5th Cir. 2001); *United States v. Sowa*, 34 F.3d 447, 453 (7th Cir. 1994) ("While the time element is important, it is not controlling."). Rule 803(2) is a broad rule, and is not limited to statements describing the startling event; rather, the rule permits admission of any statement that relates to the event. *See United States v. Moore*, 791 F.2d 566, 575 (7th Cir. 1986) ("The excited utterance exception allows a broader scope of subject matter coverage than does the present sense impression exception, which limits the subject matter of the statement to a description or explanation of the event.").

The Courts of Appeals have upheld the admission of excited utterances made hours after the declarant experienced the startling condition or event so long as there was evidence the declarant was still under the excitement or stress of the startling event. *Alexander*, 331 F.3d at 124 ("courts of appeals have upheld the admission of statements made several hours after the startling event"); *United States v. Baggett*, 251 F.3d 1087, 1090 & n.1 (6th Cir. 2001) (upholding the admission of excited utterances made several hours after a beating); *United States v. Tocco*, 135 F.3d 116, 127-128 (2d Cir. 1998)

**Government's Motion in Limine to Admit Out-of-Court Statements – Page 8**

(statement of "all hyped" and "nervous" declarant admitted although statement was made three hours after the fire); *United States v. Napier*, 518 F.2d 316 (9th Cir. 1975) (upholding admission of excited utterance made after seven weeks after hospitalization necessitated by the assault when the declarant was shown a photograph of the suspected assailant and became agitated).

The government will lay a proper foundation at trial establishing that at the time of the statements in question, D.D. was under distress brought about by a fear of the defendants and the desperation she felt regarding the abusive conditions of living and working in the defendants' home. For example, some of the witnesses will testify that D.D. was "visibly shaking" and "terrified" when making the statements in question. Upon the laying of such a foundation, the statements are properly admissible under Rule 803(2).

    D.    The Victim's Prior Consistent Statements Are Admissible as Substantive Evidence Under Fed. R. Evid. 801(d)(1)(B)

Prior consistent statements may be admitted as substantive evidence to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying. Fed. R. Evid. 801(d)(1)(B); *United States v. Williams*, 264 F.3d 561, 575 n.9 (5th Cir. 2001) (characterizing as non-hearsay prior consistent statement "offered to rebut an express or implied charged against him of recent fabrication or improper influence or motive" where declarant is available for cross-examination).

This rule extends the common law principle with respect to prior consistent statements by permitting their admission for the truth of the matter asserted as well as for rehabilitation of an impeached witness.  *See* Weinstein, *Evidence*, 801(d)(1)(B)[01], at 801-185 (1993 ed.).  The prior consistent statement must be made before the charged recent fabrication or improper influence or motive.  *Tome v. United States*, 513 U.S. 150, 167 (1995); *United States v. Wilson*, 355 F.3d 358, 361 (5th Cir. 2003).

The Fifth Circuit has consistently applied this rule to permit the admission of prior consistent statements.  *Wilson*, 355 F.3d at 361 ("Osborne's letter was consistent with his testimony at trial implicating Odom as the head of the cocaine distribution organization and, as such, it rebutted the implication that Osborne was lying to attain the benefits of his plea bargain."); *United States v. Henderson*, 19 F.3d 917, 924 (5th Cir. 1994) (upholding admission of prior consistent statement where there was an "implied charge" of improper Government influence or collusion); *United States v. Zuniga-Lara*, 570 F.2d 1286, 1287 (5th Cir. 1978) ("Officer Costello, the declarant, testified at trial and was subject to cross-examination, and the Government offered the testimony of Officer Viel concerning Costello's prior consistent statement to rebut a charge against Costello of recent fabrication.  Viel's testimony thus falls squarely within the ambit of Rule 801(d)(1)(B)."); *see also United States v. Wilkerson*, 361 F.3d 717, 726 n.3 (2d Cir. 2004) (upholding admission of out-of-court statement for its truth because it was a prior consistent statement, declarant was available for cross-examination, it was introduced "to rebut defense counsel's implication that [witness'] testimony had changed in light of some recent assistance that she had received from the Government," and it was made

before "development of this alleged motive to fabricate").

While the admission of prior consistent statements must follow an attack by the defense on the witness's credibility, such an attack may be accomplished in numerous ways. *See* Fed. R. Evid. 801(d)(1)(B) (allowing admission of statement to rebut express "or implied" charge of fabrication or bias); *Wilkerson*, 361 F.3d at 726 n.3 (upholding admission of statement to rebut "counsel's implication" of testimony changing after victim received benefits), *United States v. Brennan*, 798 F.2d 581, 589 (2d Cir. 1986) ("The question is not whether the defense introduces a specific statement, but rather whether it has made a specific attack on a witness' credibility"); *United States v. Albert*, 595 F.2d 293, 289 (5th Cir. 1979) (statement admissible where cross-examination "implied" or "brought out" agreement between witness and government); *United States v. Farmer*, 923 F.2d 1557, 1567 (11th Cir. 1991) (victim's prior consistent statements admissible to rebut implication of recent fabrication which had "fairly [arisen] from the line of questioning"); *United States v. Patterson*, 644 F.2d 890, 900 (1st Cir. 1981) (admitting prior consistent statements after cross-examination suggested witness was "testifying out of self-interest and that his own conduct showed a lack of regard for the law").

Such an inference can also be raised in the defense opening statements. *See United States v. Reed*, 887 F.2d 1398, 1405-06 (11th Cir. 1989) (upholding admission of prior consistent statement where defense opening suggested witness was fabricating); *United States v. LeBlanc*, 612 F.2d 1012, 1017 (6th Cir. 1980) (permitting introduction of prior consistent statement to rebut "inference" in defense opening that witness should not

**Government's Motion in Limine to Admit Out-of-Court Statements – Page 11**

be believed).  Further, it is not necessary that the cross-examiner of a witness expressly charge that the witness had an improper motive or recently fabricated her testimony; it need only be implied from the questions asked or the arguments made by the attorneys. *See United States v. Gonzalez*, 700 F.2d 196, 202 (5th Cir. 1983) (prior consistent statement made to wife before witness's arrest admissible where offered "in response to the [G]overnment's evidence and in anticipation of the [G]overnment's inevitable attack" on the witness's testimony).

Additionally, the circumstances in which a prior consistent statement is made are, of course, relevant and necessary to enable the jury to properly evaluate a witness' credibility.  *United States v. Bays*, 448 F.2d 977 (5th Cir. 1971), *cert. denied*, 405 U.S. 957 (1972).  Rule 801(d)(1)(B) does not require that a prior consistent statement be "consistent in every detail with [the] testimony at trial."  *United States v. Casoni*, 950 F.2d 893, 897 (3d Cir. 1991).

In *United States v. Alzanki*, 54 F.3d 994, 1008 (1st Cir. 1995), the First Circuit upheld the admission of an involutary servitude victim's prior consistent statements to nurses, a therapist and a police officer after defense counsel suggested on cross-examination that the victim had attempted to sell her story to a Hollywood producer.  The First Circuit stated that defense counsel "plainly impugned" the victim's motives, permitting the admission of evidence that the victim had made statements consistent with her testimony before the motivations attributed by the defense had arisen.  *Id*.

Here, it is anticipated that the defense will argue that D.D. fabricated her testimony.  There are several witnesses who heard the victim's prior consistent

**Government's Motion in Limine to Admit Out-of-Court Statements – Page 12**

statements of her descriptions of her labor in the defendants' home, the defendants' physical and verbal abuse of D.D., statements of D.D.'s fear of the defendants, her desires to leave (including her requests that the defendants send her back home to Guinea), her solicitations for help, and her reluctance to report the defendant to law enforcement. Therefore, those statements by the victim would be admissible substantively pursuant to Rule 801(d)(1)(B).

## Conclusion

For the reasons stated above, the government requests that the Court grant this Motion in Limine to admit at trial the victim's out-of-court statements.

Respectfully submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

*s/ Christopher R. Wolfe*
CHRISTOPHER R. WOLFE
Assistant United States Attorney
State Bar No. 24008294
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817.252.5221

## Certificate of Conference

Counsel for the government conferred with Brady Wyatt and Scott Palmer, counsel for the defendants. The defendants are opposed to the government's motion in limine to admit out-of-court statements.

*s/ Christopher R. Wolfe*
CHRISTOPHER R. WOLFE
Assistant United States Attorney

Certificate of Service

     I hereby certify that on October 2, 2018, I electronically filed the foregoing Government's Motion in Limine with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Brady Wyatt and Scott Palmer.

                                            */ Christopher R. Wolfe*
                                            CHRISTOPHER R. WOLFE
                                            Assistant United States Attorney