IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4-18-CR-230-O |
| | § | |
| DENISE CROS-TOURE and | § | |
| MOHAMED TOURE, | § | |
|     Defendants. | § | |

**<u>ORDER</u>**

Pending are a number of pretrial motions. After a review of them, the Court orders as follows:

A. Defendants have filed a Joint Motion in Limine (ECF No. 35), seeking to prohibit the Government from making certain comments. The Government responded (ECF No. 46) and indicates it agrees, in part, and opposes certain portions of this motion. After reviewing these pleadings, the Court concludes:

1. Defendants seek to prohibit the Government from referencing the parties and alleged victim's socioeconomic status. This request is denied. Evidence of the socioeconomic statuses is relevant to the issues the jury must decide and otherwise should not be excluded under Rule 403.

2. Defendants seek to prohibit the Government from referencing the illegal slave trade and the historical significance of slavery within the United States. This request is granted. However, the Government is permitted to reference human trafficking and slavery as it relates to the current usage of those terms in connection with the crimes alleged in the indictment. Use of these terms in this fashion does not warrant exclusion pursuant to Rule 403.

1

3. Defendants seek to exclude any evidence that they did not enroll the alleged victim in school. This request is denied. This evidence is relevant to the crimes charged and does not warrant exclusion pursuant to Rule 403.

4. Defendants seek to prohibit reference to an alleged sexual assault by one of their relatives. This request is granted.

5. Defendants seek to prohibit the Government from referencing any failure to provide the alleged victim medical care. This request is denied. Information of this nature is relevant to the crimes charged and does not warrant exclusion under Rule 403.

6. Defendants seek to prohibit the Government from referencing the psychological impact of the crimes charged on the alleged victim. This request is granted in part. Evidence concerning the long term psychological effects of the crimes alleged on the victim is excluded. The Government is, however, permitted to introduce evidence relevant to the alleged victim's state of mind during the period relevant to the crimes charged in the indictment to the extent this information is relevant and admissible.

B. The Government filed a motion (ECF No. 36) seeking to prohibit Defendants from referencing an alleged sexual assault by the victim on one of the Defendants' sons. Defendants oppose this motion and seek to use the information (ECF No. 47).[1] The alleged victim denies the allegation, and the Government proffers evidence of her sheltered existence and asserts this corroborates her denial. The Government also contends the complainant's story has been inconsistent. On the other hand, Defendants believe the allegations are credible and provide a defense to the crimes alleged.

---

[1] The Government filed a reply to the Defendants' response. Reply, ECF No. 50.

Taking the factual information described in these pleadings as a proffer, the Court concludes that this information should be excluded under Rule 403. Rule 403 provides that:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

There is a danger that admitting this evidence would confuse the issues and cause undue delay. Litigating the alleged sexual assault in the context of the crimes alleged in the indictment would require a trial within this trial, causing undue delay and risk confusing the issues the jury must decide. Accordingly, the evidence that the victim committed an alleged sexual assault on Defendants' son is excluded.

C. The Government has filed a Motion in Limine to Admit Out-Of-Court Statements (ECF No. 37) and Defendants filed a Joint Response in Opposition (ECF No.42). The Government seeks to admit certain out-of-court statements pursuant to various rules of evidence. However, the Government has not provide the statements it seeks to admit. Therefore, the Court cannot evaluate them in light of the pertinent rules of evidence. Accordingly, the motion is denied.

D. Defendant Mohamed Toure has filed a Motion to Compel the notes of one of the Government's investigators (ECF No. 88). The motion indicates the Government is opposed. The Government is therefore directed to respond to this motion no later than January 3, 2019, and provide an ex parte, sealed copy of the pertinent notes for the Court to review. The Government also seeks

to seal this motion (ECF No. 89).  The Motion to Seal should be granted.

    E.  Defendants have filed a motion to use a computer during voir dire (ECF No. 92).  That motion is granted.  The parties will have 15 minutes to ask follow-up questions during voir dire.  Defendants may use a computer to assist in their portion of the voir dire.

    Signed this 3rd day of January, 2019.

                                            Reed O'Connor
                                        **UNITED STATES DISTRICT JUDGE**